WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00331-001-TUC-RM (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Eder Said Erazo-Diaz, | |
| Defendant. | |

On March 7, 2018, Defendant Eder Said Erazo-Diaz was indicted for illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a). (Doc. 7.) On September 14, Defendant filed a Motion to Dismiss Indictment Pursuant to 8 U.S.C. § 1326(d), arguing that the prior order of removal is void and thus cannot serve as a predicate for the illegal reentry charge. (Doc. 33.) On November 2, 2018, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation, recommending that the Motion to Dismiss be granted. (Doc. 48.) The Government filed Objections, to which Defendant has responded. (Docs. 52, 53.)

**I.      Background**

Defendant is a Honduran national who first entered the United States in 2007. On August 1, 2008, he was served with a Notice to Appear, alleging that he was removable under the Immigration and Nationality Act. The Notice to Appear directed Defendant to appear before an immigration judge "on a date to be set at a time to be set to show why [he] should not be removed from the United States . . . ." On August 18, 2008, Defendant

was served with a Notice of Hearing, scheduling his master hearing before the immigration court on October 20, 2008, at 1:00 p.m. Defendant was subsequently served with ten more Notices of Hearing, each continuing the master hearing to a later date. Finally, on December 8, 2010, the immigration judge ordered that Defendant be deported to Honduras. Defendant was deported on December 17, 2010.

Defendant reentered the United States. Immigration officials determined that Defendant was removable through reinstatement of the December 2010 order of removal. Defendant was deported on September 13, 2017.

Defendant was apprehended on February 10, 2018, after reentering the United States. He is now charged with illegal reentry "after having been . . . removed . . . on or about September 13, 2017[.]" He argues that his charge must be dismissed because the immigration judge lacked jurisdiction to enter the December 2010 order of removal, a fact which would preclude the Government from relying on that order or its reinstatement.

## II.  Discussion[1]

Defendant challenges the underlying removal order upon which the § 1326(a) charge is predicated. Defendant contends that the order of removal that was reinstated and used to deport him was void. Based on her interpretation of a recent United States Supreme Court case, *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Judge Bowman agreed.

Defendant's collateral challenge is governed by § 1326(d), which requires him to demonstrate that (1) he exhausted the administrative remedies available for seeking relief from the predicate removal order; (2) the removal proceedings improperly deprived him of the opportunity for judicial review; and (3) the predicate removal order was fundamentally unfair. A removal order is fundamentally unfair if "(1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Guizar-Rodriguez*, 900

---

[1] A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

F.3d 1044, 1047 (9th Cir. 2018) (quoting *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004)).

### A. *Pereira v. Sessions* & Notices to Appear

Title 8 U.S.C. § 1229a(a)(1) authorizes immigration judges to "conduct proceedings for deciding the inadmissibility or deportability of an alien." Removal proceedings are initiated by the filing of a "notice to appear" with the immigration court. 8 C.F.R. § 1239.1(a). Jurisdiction does not vest in the immigration court until the "notice to appear" is filed. *Id.* §§ 1003.13, 1003.14(a); *see Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 890 (9th Cir. 2018) ("Once a notice to appear is filed with the Immigration Court, however, jurisdiction over the individual's immigration case vests with the [immigration judge] . . . ."). Pursuant to 8 U.S.C. § 1229(a)(1), a "notice to appear" must contain (among other things) "[t]he time and place at which the [removal] proceedings will be held."

The United States Supreme Court examined the interaction between a "notice to appear" (defined in § 1229(a)(1)) and the "stop-time rule" (codified at § 1229b(d)(1)), the latter of which relates to a form of discretionary relief available to aliens who "have accrued 10 years of continuous physical presence in the United States." *Pereira*, 138 S. Ct. at 2109–10. Under the stop-time rule, an alien's period of continuous physical presence is halted once a "notice to appear" is served. *Id.* at 2109. Relying on the "plain text, the statutory context, and common sense," the Supreme Court concluded that a putative "notice to appear" that omits the time and place of the removal proceedings "is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule." *Id.* at 2110.

The Supreme Court explained that, by expressly referencing § 1229(a), the stop-time rule

> specifies where to look to find out what "notice to appear" means. Section 1229(a), in turn, clarifies that the type of notice "referred to as a 'notice to appear'" throughout the statutory section is a "written notice . . . specifying," as relevant here, "[t]he time and place at which the [removal] proceedings will be held." § 1229(a)(1)(G)(i). Thus, based on the plain

- 3 -

text of the statute, it is clear that to trigger the stop-time rule, the Government must serve a notice to appear that, at the very least, "specif[ies]" the "time and place" of the removal proceedings.

*Id.* at 2114.

Federal district courts disagree on the reach of the Supreme Court's holding in *Pereira*. Some district courts have found that *Pereira* extends no further than the stop-time rule, and thus it does not serve as a basis for a § 1326(d) collateral attack. *See, e.g.*, *United States v. Chavez*, No. 2:17-CR-40106-01-HLT, 2018 WL 6079513 (D. Kan. Nov. 21, 2018).[2] Other district courts have found that *Pereira* clarifies what a notice must contain to be a "notice to appear" under § 1229(a), and that because a putative notice that omits the time and place of the removal proceedings is not a "notice to appear," the filing of a such a notice does not confer jurisdiction on an immigration court. *See, e.g.*, *United States v. Cruz-Jimenez*, No. A-17-CR-00063-SS, 2018 WL 5779491 (W.D. Tex. Nov. 2, 2018), *appeal docketed,* No. 18-50943 (5th Cir. Nov. 8, 2018). District courts that have concluded that *Pereira* extends to other contexts are themselves divided, however. Some have found that, because the immigration court lacked jurisdiction and could not issue a valid order of removal, a defendant need not show under § 1326(d) that he exhausted administrative remedies or that he was denied the opportunity for judicial review; in those cases, the defendant's collateral attack succeeds. *See, e.g.*, *United States v. Ortiz*, —— F. Supp. 3d ——, 2018 WL 6012390 (D.N.D. Nov. 7, 2018). Others have found that, even though a notice is defective under *Pereira*, the defendant can waive that defect and must still show that he exhausted administrative remedies and was denied judicial review; a defendant's collateral attack can thus fail despite the defect. *See, e.g.*, *United States v. Lira-Ramirez*, No. 18-10102-JWB, 2018 WL 5013523 (D. Kan. Oct. 15, 2018).

**B.    Immigration Court's Jurisdiction**

Defendant emphasizes that the August 2008 Notice to Appear did not provide the

---

[2] Several cases from this district have reached this conclusion. *See, e.g.*, *United States v. Mendoza-Barcenas*, No. CR-18-01291-001-TUC-JAS (DTF), 2018 WL 5300397 (D. Ariz. Sept. 11, 2018), *report and recommendation adopted by* 2018 WL 5298423 (Oct. 24, 2018).

- 4 -

date and time of his master hearing and contends, therefore, that it is not a "notice to appear" under § 1229(a). Since jurisdiction does not vest with the immigration court until a "notice to appear" is filed, he argues, the immigration court was without jurisdiction to order him removed from the United States.

The Government contends that Congress did not address by statute whether or when jurisdiction vests in the immigration court, and thus that issue is governed by the regulations implemented by the Attorney General. It argues that since the regulatory definition of a "notice to appear" does not require time-and-place information, 8 C.F.R. § 1003.15(b), the August 2008 Notice to Appear was valid and sufficient to confer jurisdiction on the immigration court.

Judge Bowman agreed with Defendant, finding that only a valid "notice to appear" can confer jurisdiction on the immigration court, and that a notice is invalid if it omits the date-and-time information. Judge Bowman further found that a lack of jurisdiction cannot be waived, and that an invalid notice cannot be cured by subsequent service of a "notice of hearing." Therefore, since the immigration court lacked jurisdiction, Judge Bowman recommends finding that Defendant's removal proceedings were fundamentally unfair and ordering that the indictment be dismissed.

In its Objections, the Government urges this Court to follow the other cases in this district that have rejected arguments identical to Defendant's. The Government argues that *Pereira* expressly limited its holding to cases involving the stop-time rule, which is not at issue in this case. The Government asserts that, if *Pereira* did have such far-reaching consequences, the Supreme Court would not have remanded for further proceedings because there would be no jurisdiction for such proceedings. The Government also argues the Court should adhere to pre-*Pereira* case law upholding the two-step practice of serving a notice without time-and-place information and then a subsequent notice of hearing containing that information, and to post-*Pereira* administrative decisions that reject a broad reading of *Pereira*.

The Court agrees with Defendant. Although the Supreme Court narrowly defined

the issue in *Pereira*, it held clearly and repeatedly that a notice that omits the time and place of the removal proceedings "is not a 'notice to appear under section 1229(a).'" 138 S. Ct. at 2110, 2113–14, 2115, 2118. Significantly, the Supreme Court explained that the time-and-place requirement is "definitional," and that, "when the term 'notice to appear' is used elsewhere in the statutory section, including as the trigger for the stop-time rule, it carries with it the substantive time-and-place criteria required by § 1229(a)." *Id.* at 2116. The foregoing language indicates that the stop-time rule is only one context in which the "notice to appear" definition applies.

The Court disagrees with the Government that deference should be given to the regulatory definition of a "notice to appear," or to any administrative decisions that adopt a narrow reading of *Pereira*. "Congress has supplied a clear and unambiguous answer to the interpretive question at hand"—i.e., a notice that does not specify the time and place of the removal proceedings is not a "notice to appear" under § 1229(a)—and an inconsistent agency regulation cannot displace Congress' intent. *Id.* at 2113–14; *United States v. Haggar Apparel Co.*, 526 U.S. 380, 392 (1999) ("In the process of considering a regulation in relation to specific factual situations, a court may conclude the regulation is inconsistent with the statutory language or is an unreasonable implementation of it. In those instances, the regulation will not control.").

The Government's citation to *United States v. Ortega*, No. 17-10295, 2018 WL 4628632 (9th Cir. 2018) (mem.) does not persuade the Court otherwise. The *Ortega* court made no mention of *Pereira*, and the Court declines to read into that silence a broad implication that the Ninth Circuit has rejected the argument raised here by Defendant. *See id.* The Court further disagrees that pre-*Pereira* case law upholding two-step notice remains valid following *Pereira*. *See Popa v. Holder*, 571 F.3d 890 (9th Cir. 2009). The *Popa* court explained:

> Although § 1229(a)(1)(G)(i) requires a notice to appear to "specify []" the time and place at which the proceedings will be held, this court has never held that the [notice to appear] cannot state that the time and place of the proceedings will be set at a future time by the Immigration Court. This court silently has adopted the rule that the time and date of a removal

- 6 -

proceeding can be sent after the first notice to appear.

*Id.* at 895. Implicit in *Popa* is the idea that a notice that omits the time-and-place information is still a "notice to appear." *Pereira* expressly rejects that notion. 138 S. Ct. at 2110. The *Popa* court also relied on the practical difficulties associated with providing time-and-place information in an initial notice. 571 F.3d at 896. The Supreme Court examined these practical concerns as well and determined that such concerns "are meritless and do not justify departing from the statute's clear text." *Pereira*, 138 S. Ct. at 2118. Given the foregoing, the two-step notice given in Defendant's case did not cure the jurisdictional defect.

The Court finds that a "notice to appear" under § 1229(a)(1) was not filed in Defendant's case, and thus jurisdiction did not vest in the immigration court pursuant to 8 C.F.R. §§ 1003.13, 1003.14. Accordingly, Defendant's appearance at the removal hearing could not cure the deficient notice, and the immigration court proceedings are void. *See Da Cruz v. Immigration & Naturalization Serv.*, 4 F.3d 721, 722–23 (9th Cir. 1993) (finding Board of Immigration Appeals lacked jurisdiction to order deportation of petitioner where agency violated regulation requiring appeals to be filed within 13 days); *Stop H-3 Ass'n v. Coleman*, 533 F.2d 434, 441 n.13 (9th Cir. 1976) ("Jurisdiction means the right to say and the power to act; and, as between agencies of the government, jurisdiction is the power of that particular agency to administer and enforce the law." (citation and internal quotation marks omitted)); *Wilson v. Carr*, 41 F.2d 704, 706 (9th Cir. 1930) ("[I]f the order is void on its face for want of jurisdiction, it is the duty of this and every other court to disregard it.").

### C. Defendant's Collateral Attack

Defendant contends that he has satisfied the fundamental-unfairness prong of § 1326(d) because the illegal order of removal was entered in violation of his due process rights, and he was removed when he should not have been. He argues further that, for two reasons, he is not required to show he exhausted administrative remedies or was denied judicial review: first, prior to *Pereira*, it would have been futile to argue that a

notice that omits the time-and-place information invalidates the removal proceedings because both Board of Immigration Appeals and Ninth Circuit precedent foreclosed such an argument; and, second, exhaustion and judicial review are unnecessary because, without jurisdiction, the removal proceedings are a legal nullity.

The Court agrees that the order of removal is fundamentally unfair under §1326(d)(3). Because it was entered without jurisdiction, it was a violation of Defendant's due process rights, and, as it unlawfully resulted in Defendant's removal, it prejudiced Defendant. *See United States v. Aguilera-Rios*, 769 F.3d 626, 630 (9th Cir. 2014) (order of removal is fundamentally unfair if, pursuant to order, defendant "was removed when he should not have been" (citation omitted)).

Furthermore, since the order of removal is void for lack of jurisdiction, Defendant was not required to exhaust his administrative remedies or seek judicial review. *See Lazaro v. Mukasey*, 527 F.3d 977, 980 (9th Cir. 2008) ("A petitioner is entitled to relief from a defective [notice to appear] if he shows that the Immigration Court lacked jurisdiction." (citation and internal quotation marks and brackets omitted)); *United Farm Workers of Am., AFL-CIO v. Ariz. Agric. Emp't Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982) ("Exhaustion of administrative remedies is not required where . . . the administrative proceedings themselves are void."); *Reese Sales Co. v. Hardin*, 458 F.2d 183, 187 (9th Cir. 1972) (explaining exhaustion of administrative remedies is not required where "the agency lacks power or jurisdiction to proceed"); *Ortiz*, 2018 WL 6012390, at *3 (explaining defendant need not satisfy the judicial review requirement where the immigration court lacked jurisdiction because the requirement "surely . . . requires an Immigration Judge's decision be anchored in an exercise of proper jurisdiction."). Defendant thus need not satisfy the strict requirements of § 1326(d)(1)–(2).

## III. Conclusion

Defendant has shown that he is entitled to relief. The December 2010 order of removal is void because the immigration court lacked jurisdiction to enter it. Therefore,

the Government is unable to establish an element of the offense of illegal reentry. *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1064 (9th Cir. 2018) ("A *valid* removal order is a predicate element of a conviction for illegal reentry under § 1326." (emphasis added)). Furthermore, the immigration court's lack of jurisdiction makes the order of removal fundamentally unfair, and Defendant need not show that he exhausted administrative remedies or was denied the opportunity for judicial review.

**IT IS ORDERED:**

1. The Government's Objections (Doc. 52) are **overruled**. The Report and Recommendation (Doc. 48) is **accepted and adopted in full**.

2. Defendant's Motion to Dismiss Indictment (Doc. 33) is **granted**. The indictment in the above-captioned matter against Defendant Eder Said Erazo-Diaz is **dismissed**.

Dated this 4th day of December, 2018.

_____
Honorable Rosemary Márquez
United States District Judge